UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RONNIE D. UPDYKE,

                              Plaintiff,

           v.                                        3:04-CV-660
                                                     (J. Sharpe)

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.
_____

APPEARANCES:                        OF COUNSEL:

HINMAN, HOWARD & KATTELL, LLP    EUGENE D. FAUGHNAN, ESQ.
Attorneys for Plaintiff

GLENN T. SUDDABY                WILLIAM H. PEASE
United States Attorney for the        Assistant U.S. Attorney
 Northern District of New York
Attorney for Defendant

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred to me for report and recommendation by the Honorable Gary L. Sharpe, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). This case has proceeded in accordance with General Order 18.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on June 12, 2002 (Administrative Transcript ("T") at 44-46). The application was denied initially and upon reconsideration. (T. 29-32).

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on February 25, 2003. (T. 193-205).  In a decision, dated October 15, 2003, the ALJ found that plaintiff was not disabled. (T. 13-18).  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 9, 2004.  (T. 4-7).

## CONTENTIONS

The plaintiff makes the following claims:

(1) The Commissioner failed to prove that plaintiff is capable of performing substantial gainful activity. (Brief, p. 5).

(2) The ALJ erred by improperly discounting the opinions of the treating physicians. (Brief, p. 8).

(3) The ALJ improperly discounted the plaintiff's allegations of disabling pain. (Brief, p. 9).

(4) The ALJ failed to utilize a Vocational Expert (VE). (Brief, p. 11).

(5) The Commissioner's Decision should be reversed.  (Brief, p. 13).

The defendant argues that the Commissioner's determination is supported by substantial evidence in the record and must be affirmed.

## FACTS

**A.  Nonmedical Evidence and Testimony:**

Plaintiff, who was 58 years old at the time of the ALJ's decision, has an Associate's Degree and a three year Certificate in Graphic Design and Illustration. (T. 67, 93, 196).  Plaintiff worked as a graphic designer for 20 years, (T. 196), but was

laid off from his most recent job in October, 2000. (T. 54, 196). Plaintiff's job involved extensive design of advertisements, brochures, displays, and required the use of a computer and a MAC computer program. (T. 68, 197). Plaintiff's work involved extensive amounts of sitting but also included walking, standing, and carrying boxes of paper weighing up to 50 pounds. (T. 55). According to plaintiff, he did not have to lift heavy items very frequently, but could not continue his past work because he could not sit for long periods of time. (T. 198). He also claimed that he did not have certain of the computer skills or knowledge that were required. (T. 204).

In information submitted to the Social Security Administration, plaintiff claimed that he could not work because he had difficulty walking and standing due to knee pain and swelling of his knees. (T. 54). In his testimony, plaintiff stated that he was unable to work because of his inability to sit for long periods of time. (T. 198). When plaintiff's wife was alive, plaintiff performed all necessary chores for her since she was totally disabled, including all of the housekeeping, meal preparation, hygiene, and other extensive chores. (T. 61, 75). Plaintiff continues to be able to prepare his own meals, take care of his household, do shopping and all other necessary chores associated with his life. (T. 201).

**B.  Medical Evidence**:

Plaintiff has a long history of psoriasis and has been treated by the Veterans Administration Hospital. Plaintiff's main treating physicians for his psoriasis have been Dr. Strang and Dr. Barbara Murphy, both of the Veterans' Administration Clinic in Sayre, Pennsylvania. (T. 56, 83, 89, 101-10, 112-15, 118-120).

Plaintiff has been treated for pain in both knees at both the Veterans' Administration Clinic (T. 133-136) and at a private clinic known as the Guthrie Clinic. Dr. Robert Cohen of the Guthrie Clinic treated plaintiff between January and June of 2001. (T. 170-172). Both Dr. Cohen and the physicians from the VA Clinic reached the same conclusion that plaintiff has degenerative joint disease in both knees. X-rays taken during July of 2002 in connection with an examination by an consulting physician, Dr. Raja Jagtiani, found moderate osteoarthritic changes in both knees and found that plaintiff had a mild restriction for standing and walking, and a moderate restriction for squatting and kneeling. (T. 173-175). There is some indication in the Veterans Administration records that plaintiff has not been compliant with his psoriasis medication and was not compliant with keeping appointments for treatment for his psoriasis. (T. 118).

## DISCUSSION

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months ...." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that [he] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step process, set forth in 20 C.F.R. §§ 404.1520 and 416.920 to evaluate disability insurance and SSI disability claims.

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which meets or equals the criteria of an impairment listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; ... .  Assuming the claimant does not have listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant can perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see* 20 C.F.R. §§ 404.1520, 416.920.

The ***plaintiff has the burden of establishing disability at the first four steps***. However, if the plaintiff establishes that his impairment prevents him from performing his past work, the burden then shifts to the Commissioner to prove the final step. *Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir. 1984).

## 1. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  A reviewing court may

not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988)(citations omitted).  It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 197 U.S. 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). *See also*

*Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983).

## 2. The ALJ's Decision

In this case, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform sedentary work. (T. 16). Since plaintiff's prior work as a graphic designer was sedentary, the ALJ found ***at step four of the five-step determination*** that plaintiff could return to his prior work.

## 3. Treating Physician:

The medical conclusions of a treating physician are controlling if well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2). *See also Schaal v. Apfel*, 134 F.3d 496, 503 (2d Cir. 1998); *Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). An ALJ may not arbitrarily substitute his own judgment for competent medical opinion. *Rosa v. Callahan*, 168 F.3d at 79 (citations omitted). If the treating physician's opinion is not given "controlling weight," the ALJ must assess the following factors to determine how much weight to afford the opinion: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion. 20 C.F.R. §§ 404.1527(d)(2-6); 416.927(d)(2-6). Failure to follow this standard is a failure to apply the proper legal

standard and is grounds for reversal. *Barnett v. Apfel*, 13 F. Supp. 2d 312, 316 (N.D.N.Y. 1998) (citing *Johnson v. Bowen*, 817 F.2d at 985).

Although plaintiff in this case claims that the ALJ did not give proper weight to plaintiff's treating physicians' opinions in determining that plaintiff could perform sedentary work, that assertion is not supported by the evidence in the record. Plaintiff has been treated for well over ten years by the Veterans' Administration Clinic in Sayre, Pennsylvania. His primary care physician has been Dr. Barbara Murphy, and he has been treated extensively by Dr. Strang. The record contains numerous entries showing treatment by both of these physicians for plaintiff's psoriasis, knee problems, and other routine medical problems. (T. 97-138, 154-167). The records show that plaintiff's psoriasis was a longstanding medical problem that was addressed by various medications, that it occasionally became worse, and that medications had to be adjusted. Plaintiff was able to work throughout the period when he was being treated by the VA Hospital for his psoriasis.

Dr. Strang who treated plaintiff for many years has not expressed any opinion about plaintiff's inability to work. Dr. Barbara Murphy was sent a letter by plaintiff's counsel which asked for her opinion about whether the plaintiff could perform sedentary work. Dr. Murphy's handwritten note on the letter she signed states "yes, he is restricted to sedentary work." (T. 186). Although plaintiff argues that the ALJ did not fully consider Dr. Murphy's opinion about plaintiff's ability to perform sedentary work, that argument is not supported by any evidence in the record. Dr. Murphy **very**

*clearly* stated that the plaintiff can perform sedentary work, and the ALJ's decision gave Dr. Murphy's opinion the proper weight.

Plaintiff's counsel argues that because the ALJ's assessment of RFC is identical to the language of a non-examining review physician's RFC assessment, the ALJ must have relied upon that assessment and not that of the treating physicians. This argument is without merit. Plaintiff's treating physician, Dr. Murphy clearly stated that plaintiff could perform sedentary work. The definition of sedentary work has various components, and the fact that a non-examining physician *also* finds that plaintiff can perform sedentary work does not mean that the ALJ relied upon that opinion instead of the opinion of the treating physician.

The opinion of plaintiff's longstanding treating physician is also supported by other medical evidence in the record, including the opinion of Dr. Raja Jagtiani, who gave plaintiff a full range of tests and found no joint effusion, inflammation, or instability, and who found full range of flexion and extension in plaintiff's spine and other joints. Plaintiff's x-rays did show moderate osteoarthritic changes and Dr. Jagtiani concluded that plaintiff was *mildly* restricted in standing and walking, and *moderately* restricted in squatting and kneeling, secondary to plaintiff's arthritis. (T. 176)(emphasis supplied). Another medical opinion by Dr. K. Paxton found that plaintiff was able to perform sedentary work including sitting for 6 hours in an 8 hour work day, standing for 2 hours, and carrying 10 pounds or less. (T. 179-185).

The ALJ's decision regarding the opinions of plaintiff's treating physicians is fully supported by substantial evidence in the record.

**4.     Pain and Credibility:**

"An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999)(quoting *Gallardo v. Apfel*, No. 96 CIV 9435, 1999 WL 185253, at *5 (S.D.N.Y. March 25, 1999)). To satisfy the substantial evidence rule, the ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Foster v. Callahan*, No. 96-CV-1858, 1998 WL 106231, at *5 (N.D.N.Y. March 3, 1998).

First, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), 416.929(a). Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c).

When the objective evidence alone does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location,

duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. *Id.* §§ 404.1529(c)(3), 416.929(c)(3).

In this case, plaintiff argues that the ALJ improperly discounted plaintiff's testimony about his inability to work and his claims of disabling pain. The record fully supports the ALJ's determination that plaintiff's complaints of total disability were ***not completely credible***. Plaintiff stated that he was unable to sit for any length of time, yet there is no medical opinion limiting plaintiff's ability to sit for several hours or more. The medical evidence in the record shows that plaintiff is able to sit for approximately 6 hours during a work day. (T. 179-185). Plaintiff testified that he is able to perform all household chores, and there were no limitations on daily activities. (T. 201). In addition, plaintiff stated in questionnaires to the Administration and in medical records that he was rendering extensive care to his wheelchair bound wife and was not restricted in any of those strenuous activities. (T. 61, 75, 110, 115).

Plaintiff has given somewhat inconsistent views of his ability to lift. In questionnaires submitted to the Administration, plaintiff stated that he lifted up to 50 pounds, and in other questionnaires he stated that he lifted at most 10 pounds. (T. 67-74, 201-202). Plaintiff has never complained during the many years of treatment, including his treatment after he was laid off from his job, that he had problems sitting

11

and was unable to sit for any lengthy period of time. The first time that he made that claim was in his testimony at the February 2003 ALJ hearing. (T. 198). The ALJ's finding that plaintiff's allegations about his limitations are not totally credible, (T. 17), is fully supported by substantial evidence in the record.

5. **Vocational Expert:**

Plaintiff argues that the Commissioner did not sustain her burden to show that plaintiff could perform substantial gainful activity and argues that the ALJ improperly used the Medical-Vocational Guidelines (the Grids) and should have used a vocational expert because plaintiff has "non-exertional" impairments of pain and fatigue. The court would first point out that because the ALJ found that plaintiff could perform his prior work at step four of the five-step analysis, the burden never shifted to the Commissioner to show that plaintiff could perform other work in the national economy. The ALJ *never used the Grids* to determine that plaintiff could perform substantial gainful activity because *he never reached the fifth step* of the disability analysis. (T. 17). Thus, plaintiff's argument is misplaced.

While it is true that the ALJ must always consider a plaintiff's pain or non-exertional impairments,[1] the ALJ in this case properly found that plaintiff's complaints

---

[1] The court would point out that pain itself is not necessarily a "non-exertional" impairment. The Second Circuit has cited the Social Security regulations in defining "exertional" limitations as limitations and restrictions imposed by impairments and related symptoms such as pain that affect only the ability to meet the strength demands of jobs such as sitting, standing, walking, lifting, carrying, pushing and pulling. *Butts v. Barnhart*, 388 F.3d 377, 381 (2d Cir. 2004)(citing 20 C.F.R. § 416.969a(b)). *See also id.* § 404.1569a(b). Non-exertional limitations are those limitations and restrictions imposed by impairments and related symptoms such as pain that affect only the ability to meet the demands of jobs *other than strength demands. Id.* (citing 20 C.F.R. § 404.969a(c)). *See also* 20 C.F.R. § 404.1569a(c). The regulations refer to pain as a

12

of pain were not credible and did not prevent him from performing his previous sedentary work. It is only at step *five* that the ALJ must determine whether a plaintiff's non-exertional impairments "significantly limit the range of work" permitted by the plaintiff's exertional limitations. If so, then the ALJ may not use the Medical-Vocational Guidelines exclusively to determine whether plaintiff is disabled. *Bapp v. Bowen*, 802 F.2d 601, 606 (2d Cir. 1986). However, even at step five, the fact that plaintiff has non-exertional impairments would ***not automatically foreclose*** the use of the Grids without a finding that those non-exertional impairments "significantly limited" plaintiff's ability to perform an exertional range of work. *Bapp v. Bowen*, 802 F.2d at 605-606.

If the plaintiff's range of work is significantly limited by his non-exertional impairments, then the ALJ must present the testimony of a vocational expert or other similar evidence regarding the availability of other work in the national economy that plaintiff can perform. *Id.* A vocational expert may provide testimony regarding the existence of jobs in the national economy and whether a particular claimant may be able to perform any of those jobs given his or her functional limitations. *See Rautio v. Bowen*, 862 F.2d 176, 180 (8th Cir. 1988); *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983). This entire analysis assumes that plaintiff has sustained his burden of showing that he cannot perform his previous work. Plaintiff in this case has ***not done so.***

---

symptom that can lead to exertional or non-exertional limitations.

13

Plaintiff argues that the Commissioner did not sustain her burden of proving that the plaintiff was able to perform his previous work. As clearly stated in the regulations and the case law, it is the ***plaintiff's burden*** to show that he cannot perform his previous work. Since in determining plaintiff's RFC, the ALJ in this case properly considered the treating physicians' opinions, the requirements of plaintiff's prior job, and discounted plaintiff's complaints of pain as not completely credible based on the evidence, his ultimate finding of no disability is supported by substantial evidence in the record.

The court also notes that in finding that plaintiff's prior work was sedentary, the ALJ utilized the Dictionary of Occupational Titles (DOT) indicating that the job of graphic designer was a sedentary occupation. (T. 17). Even if one of plaintiff's prior jobs had required him to lift 50 pounds, the ability to perform one's past work is retained when one can perform the functional demands of the job as he actually performed it ***or*** as it is generally performed in the national economy. *See Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). Thus, if the DOT indicates that plaintiff's former work was sedentary, and plaintiff can still perform sedentary work, he is not disabled. Because there is substantial evidence in the record to support the ALJ's decision in this case, this court finds that the Commissioner's decision should be affirmed.

**WHEREFORE,** based on the findings in the above Report, it is hereby

**RECOMMENDED,** that the decision of the Commissioner be **AFFIRMED** and the Complaint (Dkt. No. 1) be **DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 20, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge