**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RONNIE D. UPDYKE,**

                              **Plaintiff,**

                                                    **Civil No. 3:04-CV-0660**
                    **v.**                          **(GLS/GJD)**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                              **Defendant.**

---

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PLAINTIFF:**

HINMAN, HOWARD LAW FIRM          EUGENE D. FAUGHNAN, ESQ.
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902-5250

**FOR THE DEFENDANT:**

HON. GLEN T. SUDDABY             WILLIAM H. PEASE
United States Attorney           Assistant Attorney General
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pursuant to 42 U.S.C. § 405(g), Ronnie Updyke challenges the denial of disability benefits by the Commissioner of Social Security. Pending are Updyke's objections to Chief Magistrate Judge Gustave J. DiBianco's Report-Recommendation.  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

### II. Procedural History

After Updyke filed for disability benefits in June 2002, his application was denied, and a hearing was conducted by an Administrative Law Judge (ALJ).  On October 15, 2003, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.  On June 9, 2004, Updyke filed a complaint in the Northern District of New York challenging the Commissioner's denial of benefits.  *Dkt. No. 1.*  On January 20, 2006, Chief Magistrate Judge DiBianco issued a report recommending affirmance of the Commissioner's decision.  *Dkt. No. 9.*  On February 3,

---

[1]The Clerk is directed to append Judge DiBianco's Report-Recommendation to this decision, and familiarity is presumed.

2

Updyke filed his objections.  *Dkt. No. 10.*

### III.  <u>Discussion</u>[2]

#### A.    <u>Standard of Review</u>

By statute and rule, district courts are authorized to refer social security petitions to Magistrate Judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A) & (B); L.R. 40.1, 72.3(d); General Order #18.

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); L.R. 72.1(c).  Although the statute and federal rules are clear, the local rules are clearer yet that parties must file written objections that specify the findings and recommendations to which they object, and the basis for their objections.  *Cf.* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); L.R. 72.1(c).

The rules governing objections to report-recommendations in the

---

[2]The court adopts the factual summary in Chief Judge DiBianco's Report-Recommendation.  *Dkt. Nos. 32.*

*habeas corpus* context are the same rules applicable to social security petitions.  The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); L.R. 72.1(c).  After review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... [and] may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

If a party fails to object, or timely or specifically object, it procedurally defaults, and it is entitled to no judicial review whatsoever.  *See Almonte v. New York State Div. of Parole*, 904-CV-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006); *see also* FED. R. CIV. P. 72(b) advisory committee note (1983).  As to *pro se* parties, the notice requirement is satisfied if the report at least states that the failure to object will preclude appellate review, and cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure.  *Almonte*, 2006 WL 149049, at *3. (citation omitted).  In this district, reports routinely recite the requisite warning, as did Chief Judge DiBianco's in this case.

4

Although the failure to object or timely object constitutes procedural default, other factual predicates give rise to default as well. *Id.* at *4. Thus, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *Id.; see also Cephas v. Nash*, 328 F.3d at 107 (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d at 766). Default occurs when objections are not specific or written, *Abehouse v. Ultragraphics, Inc.*, 754 F.2d at 473, and a general objection is not a specific objection. *Almonte*, 2006 WL 149049, at *4. Moreover, resubmission of the same papers and arguments as submitted to the Magistrate Judge fails to comply with the specificity requirement because the local rule requires that objections address specific findings and conclusions. *See id.* Furthermore, frivolous or conclusory objections fail to satisfy the specificity requirement. *Id.*

Because procedural default is non-jurisdictional, the district court retains discretion to disregard it in the interests of justice. *See id.* (citation omitted). Such discretion is "based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulted

5

party." *Almonte*, 2006 WL 149049, at *4.[3]

As noted, if the parties properly object, the court must conduct a *de novo* review, and may do so regardless.  *De novo* review requires that the court "'give fresh consideration to those issues to which specific objections have been made.'  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Id.* (citation omitted).  When the district court makes its *de novo* determination, the parties have no right to present evidence not submitted to the Magistrate Judge.  Nonetheless, the court retains the discretion to consider additional evidence although it should afford the parties notice.  *See id.* (citation omitted).

The more complex question arises when a party procedurally

---

[3]As the Supreme Court has observed:

"[T]he district court ... must exercise supervision over the magistrate.  Even ... [if a procedural default rule permits a] ... district judge ... to refuse to review a magistrate's report absent timely objection ... [t]he rule merely establishes a procedural default that has no effect on the ... court's jurisdiction.  The district judge has jurisdiction over the case at all times.  He retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment.  Any party that desires plenary consideration need only ask.  Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review, *sua sponte* or at the request of a party, under a *de novo* or any other standard."

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

defaults, the court is neither statutorily mandated to conduct *de novo* review nor does it elect to do so, but it concludes that some review is in order nonetheless.  In these circumstances, the court may elect any standard it wishes.  *Almonte*, 2006 WL 149049, at *5.

When reviewing reports despite procedural default, district courts have applied standards with varying names and definitions.  Thus, some adopt the "clearly erroneous" standard that is articulated in the statute and federal rule governing review of a Magistrate Judge's nondispositive orders, and referenced in the 1983 Advisory Committee Note.  *See id.* (citation omitted).  Given the definition typically assigned to "clearly erroneous," the courts review a report to determine whether the findings are against the clear weight of the evidence, or whether the recommendations cause the court to definitely and firmly conclude that a mistake has been committed.  *Id.*  Other courts have adopted a "contrary to law" standard which means that the report fails to apply, or misapplies, relevant statutes, case law, or rules of procedure.  *Id.*  When excusing procedural default in the interests of justice, the Circuit has reviewed the underlying decision or report for "plain error."  *Id.* (citation omitted).  Plain error is one that is clear or obvious and affects substantial rights.  *Id.*

7

Mindful that district courts retain jurisdictional authority over all dispositive issues, this court routinely reviews reports before entering final judgment whether objections are registered or not.  When the court does so, however, it is aware that the reports are generated by Magistrate Judges with extraordinary professional and judicial experience.  *Id*. at *6. Accordingly, when required by statute or rule or when the court's routine review so dictates, the court will make a *de novo* determination of findings and recommendations.  *Id.*  Absent *de novo* review, the court will apply a "clearly erroneous" standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights.  Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues.  *Id.*

**B.    Objections**

     **1.    Specific Objections**

Updyke's objections are generally a reiteration of the arguments he submitted to the Chief Magistrate Judge.  However, to the extent that some of his objections attacked the specific findings in the report-recommendation, the court applies a *de novo* standard of review.

Updyke's first specific objection is that Chief Judge DiBianco improperly relied on Dr. Murphy's[4] assertion that Updyke could perform sedentary work in finding that he could engage in substantial gainful activity. Generally, the opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  As Chief Judge DiBianco pointed out, Dr. Murphy plainly stated that Updyke "is restricted to sedentary work."  (Tr. 189).  This is substantiated by Dr. Raja Jagtiani's[5] finding that Updyke was mildly restricted in standing and walking, and moderately restricted in squatting and kneeling.  (Tr. 176).  Moreover, Dr. Paxton, who completed an RFC assessment of Updyke, concurred with Dr. Jagtiani's findings.  (Tr. 186).  Therefore, the record clearly shows that Updyke was capable of performing sedentary work.  Accordingly, Chief Judge DiBianco's affirmance of the ALJ's findings was also proper.

Next, Updyke argues that Dr. Murphy's opinion that he is capable of

---

[4]Dr. Barbara Murphy is one of Updyke's primary care physicians.

[5]Dr. Raja Jagtiani is a consulting examiner.

9

performing sedentary work is "not evidence that he can perform regular and competitive work." *Pl. Obj., Dkt. No. 10.*  It is the plaintiff's burden to show that he cannot perform his previous work. *See Rivera v. Schweiker*, 717 F.2d 719, 722 (2d Cir. 1983) (explaining that the burden of proving disability, encompassing the first four steps of the sequential analysis,[6] is on the claimant).  As Chief Judge DiBianco articulated, Updyke's prior work as a graphic designer was sedentary, and the ALJ properly found at step four of the analysis that Updyke could return to his prior work.  Accordingly, Chief Judge DiBianco properly found that the ALJ's findings were supported by substantial evidence.

## 2.   Unspecific Objections

---

[6]The Commissioner uses a five-step process, set forth in 20 C.F.R. §§ 404.1520 and 416.92 to evaluate disability claims.

"Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(b).  If so, he is not considered disabled.  However, if he is not engaged in SGA, Step Two requires that the ALJ determine whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(c).  If the claimant is found to suffer from a severe impairment, Step Three requires that the ALJ determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1, § 404.1520(d).  The claimant is presumptively disabled if the impairment meets or equals a listed impairment.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's residual functional capacity (RFC) precludes the performance of his past relevant work. 20 C.F.R. § 404.1520(e).  At Step Five, the ALJ determines whether the claimant can do any other work." *Brown v. Comm'r of Soc. Sec.*, 6:00-CV-1147, 2005 U.S. Dist. Lexis 14793, at *8 (N.D.N.Y. June 30, 2005).

10

Updyke's remaining objections are a reiteration of the arguments he initially raised before Chief Magistrate Judge DiBianco, and the court will apply a clearly erroneous standard of review.  Updyke's arguments are as follows: (1) the ALJ failed to prove that Updyke is capable of performing substantial gainful activity in the national economy; (2) the ALJ improperly considered the opinion of his treating physicians; (3) the ALJ improperly discounted his allegations of disabling pain; and (4) the ALJ failed to utilize a vocational expert.[7]  *See Dkt. No. 10.*  These objections mirror the arguments Updyke raised in the legal brief he submitted to the Chief Magistrate Judge for report-recommendation, and they do not specifically analyze Chief Judge DiBianco's report.  *See Dkt. No. 5.*  As explained, a party's failure to object or to specifically object constitutes procedural default, and no judicial review is required whatsoever.  *See Almonte,* 2006 WL 149049, at *6.  Moreover, resubmission of the same arguments as submitted to the magistrate judge fails to comply with the specificity requirement.  *Id.*  Accordingly, as to these objections, the court applies the clearly erroneous standard of review.

---

[7]As Chief Judge DiBianco noted, the ALJ properly concluded his analysis at Step Four because he determined that Updyke was able to perform his past relevant work as a graphic designer.

11

In analyzing Updyke's claims, Chief Magistrate Judge DiBianco found that the ALJ gave proper weight to Updyke's treating physicians, noting that the opinion of Updyke's longstanding treating physician was supported by other medical evidence in the record.  Chief Judge DiBianco also determined that the record supports the ALJ's finding that Updyke's subjective complaints of pain were not fully credible.[8]  In response to Updyke's contention that the ALJ failed to utilize a vocational expert, Chief Judge DiBianco explained that because the ALJ determined at step four of his analysis that Updyke could perform his prior work, the burden never shifted to the Commissioner to prove that Updyke could perform other relevant work in the national economy.  The ALJ never reached step five of the sequential analysis, and therefore, he was not required to utilize a vocational expert.

In essence, Updyke's additional objections are a restatement of the arguments he submitted to the Chief Magistrate Judge.  Accordingly, Updyke procedurally defaulted, and his objections have been reviewed

---

[8]Updyke stated that he was unable to sit for an extended period of time, but the medical evidence in the record fails to supports his contention.  Furthermore, Updyke testified that he was able to perform all household chores and that there were no limitations on his daily activities.

under a clearly erroneous standard.  The court agrees with Chief Judge

DiBianco's analysis, finding no clear error, and the Report-

Recommendation is adopted in its entirety.

## IV.  <u>Conclusion</u>

For the reasons stated above, this court accepts and adopts the

recommendation of Chief Judge DiBianco for the reasons stated in the

February 3, 2006 Report-Recommendation.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner be **AFFIRMED**

and the complaint be **DISMISSED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order

upon the parties.

**IT IS SO ORDERED.**

April 17, 2006
Albany, New York

United States District Court Judge

13